BOTTINI & BOTTINI, INC.
    Francis A. Bottini, Jr. (SBN 175783)
    fbottini@bottinilaw.com
    Yury A. Kolesnikov (SBN 271173)
    ykolesnikov@bottinilaw.com
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:    (858) 914-2002

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LEE VOSS, on behalf of himself and all others similarly situated and derivatively on behalf of MARVELL TECHNOLOGY GROUP, LTD.,<br><br>                      Plaintiff,<br><br>vs.<br><br>SEHAT SUTARDJA, JUERGEN GROMER, JOHN G. KASSAKIAN, ARTURO KRUEGER, RANDHIR THAKUR, PANTAS SUTARDJA, WEILI DAI, and DOES 1-20,<br><br>                      Defendants,<br><br>– and –<br><br>MARVELL TECHNOLOGY GROUP, LTD.,<br><br>                      Nominal Defendant. | Case No. 14-cv-1581 LHK (HRL)<br><br>**Plaintiffs' Notice of Motion and Motion for:**<br><br>**(1)   Consolidation of Related Cases;**<br><br>**(2)   Appointment of Plaintiffs' Lead Counsel; and**<br><br>**(3)   Setting a Deadline to Respond**<br><br>**Supporting Memorandum of Points and Authorities**<br><br>(FED. R. CIV. P. 42)<br><br>Hearing Date:   September 25, 2014<br>Time:              1:30 p.m.<br>Courtroom:     8 (San Jose Division)<br>Judge:           Hon. Lucy H. Koh |

[Additional caption on the next page]

| | |
|---|---|
| SEBASTIANO D'ARRIGO, on behalf of himself and all others similarly situated and derivatively on behalf of Marvell Technology Group, Ltd., <br><br>                        Plaintiff, <br><br>vs. <br><br>SEHAT SUTARDJA, JUERGEN GROMER, JOHN G. KASSAKIAN, ARTURO KRUEGER, RANDHIR THAKUR, PANTAS SUTARDJA, WEILI DAI, and DOES 1-20, <br><br>                        Defendants, <br>                   - and - <br><br>MARVELL TECHNOLOGY GROUP, LTD., <br><br>                   Nominal Defendant. | Case No. 14-cv-2523 PSG |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, under Federal Rule of Civil Procedure 42, Plaintiff Lee Voss and Plaintiff Sebastiano D'Arrigo will and hereby do move this Court on September 25, 2014, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Lucy H. Koh, in Courtroom 8 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, for an order:

- consolidating the above-captioned actions;
- appointing Bottini & Bottini, Inc. as plaintiffs' lead counsel; and
- setting a deadline for Defendants to answer or otherwise respond to the complaints.[1]

The details of the relief sought are set forth below and in the accompanying proposed order.    Plaintiffs have discussed with Defendants regarding the relief sought in this motion.    Defendants are not expected to oppose this motion.

This motion is based on the following memorandum of points and authorities, the accompanying Declaration of Francis A. Bottini, Jr. with Exhibit A, and all other papers and proceedings in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    Issues Presented**

**Issue 1:**    Rule 42(a) authorizes the Court to consolidate actions involving common issues of law or fact.    *Voss* and *D'Arrigo* involve the same Defendants, arise out of the same transactions and events, and assert the same claims.    Should the Court consolidate these actions?

---

[1] Defendants are Nominal Defendant Marvell Technology Group, Ltd. ("Marvell") and the Individual Defendants, including Sehat Sutardja, Juergen Gromer, John G. Kassakian, Arturo Krueger, Randhir Thakur, Pantas Sutardja, and Weili Dai.

**Issue 2:** The Court has broad authority to appoint lead counsel to ensure efficiency and orderly proceedings in complex actions. Counsel for both plaintiffs here, Bottini & Bottini, Inc., has in-depth experience in shareholder derivative litigation and is committed to devoting all necessary resources to vigorously prosecuting plaintiffs' claims. Should the Court appoint Bottini & Bottini, Inc. as lead counsel for plaintiffs?

As explained below, the Court should answer both questions in the affirmative.

**II.** *Voss* **and** *D'Arrigo* **Are Related**

1. On April 7, 2014, Plaintiff Voss filed a derivative and class action complaint on behalf of Marvell and its shareholders against the Individual Defendants. *Voss* has been assigned to this Court. Based on the parties' stipulation, Defendants' response to the *Voss* complaint is due July 23, 2014. *Voss* Dkt. No. 12.

2. On June 2, 2014, Plaintiff D'Arrigo filed a derivative and class action complaint on behalf of Marvell and its shareholders against the same Individual Defendants. *D'Arrigo* has been assigned to the Honorable Paul Singh Grewal.

3. *Voss* and *D'Arrigo* involve the same Defendants and arise out of the same transactions and events. Plaintiffs allege that the Individual Defendants violated state and federal law by willfully infringing patents held by Carnegie Mellon University, and that, as a result of the Individual Defendants' misconduct, a judgment in excess of $1.5 billion has been entered against Marvell in the United States District Court for the Western District of Pennsylvania. Based on these allegations, Plaintiffs in both *Voss* and *D'Arrigo* assert identical direct and derivative claims for breaches of fiduciary duties and unjust enrichment on behalf of Marvell and its shareholders.

4. On June 25, 2014, Defendants' moved for administrative relief under Civil Local Rules 3-12 and 7-11 for a finding of relatedness and for reassignment of *D'Arrigo* to this Court. *See* Dkt. No. 21. On June 26, 2014, plaintiffs submitted a statement of support for Defendants' motion for administrative relief, consenting to the reassignment of *D'Arrigo* to this Court. That motion is pending.

### III. *Voss* and *D'Arrigo* Should Be Consolidated

5. Rule 42 permits the Court to consolidate cases that involve a common question of law or fact, for the purposes of "avoid[ing] unnecessary costs and delay." FED. R. CIV. P. 42(a). The Court has broad discretion to consolidate cases under Rule 42. *See In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In determining whether to consolidate cases, the court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

6. Here, *Voss* and *D'Arrigo* involve common issues of law and fact because they are both shareholder derivative and class actions, involving the same Defendants, arising out of the same transactions and events, and asserting the same claims. Consolidation of *Voss* and *D'Arrigo* will promote judicial economy and will avoid delay and confusion. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 14-cv-0242-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014) (Koh, J.) (consolidating shareholder class actions because they "arise from the same conduct by Defendants, and bring the same causes of action against the same Defendants"). Moreover, consolidation will result in no prejudice to any party, as no opposition to consolidation is expected from Defendants. *See id.* (granting motion to consolidate and noting the absence of opposition).

7. Accordingly, the Court should therefore consolidate *Voss* and *D'Arrigo* for all purposes, including trial. *See Hacker v. Peterschmidt*, No. C 06-3468, 2006 WL 2925683, at *3 (N.D. Cal. Oct. 12, 2006) (granting an unopposed motion to consolidate related derivative actions); *see also* FED. R. CIV. P. 42(a). Upon consolidation, the complaint in *D'Arrigo* should be designated as the operative complaint.

///
///
///
///

### IV. Bottini & Bottini, Inc. Should Be Appointed as Lead Counsel

8. As the Ninth Circuit held in *Vincent v. Hughes Air West, Inc.*, the Court has the inherent power to appoint lead counsel to supervise and coordinate prosecution of a case. *See* 557 F.2d 759, 774 (9th Cir. 1977). The "benefits achieved by consolidation and the appointment of [lead] counsel" include "elimination of duplication and repetition" by "channel[ling]" motion practice and discovery proceedings through a single law firm. *Id.* (citing *MacAlister v. Guterma*, 263 F.2d 65 (2d Cir. 1958)).

9. Chief among the factors Courts consider for appointment of lead counsel is proposed lead counsel's capabilities and experience. *See In re Oclaro, Inc. Derivative Litig.*, No. C-11-3176 EMC, 2011 WL 4345099, at *2 (N.D. Cal. Sept. 14, 2011) (listing factors for consideration).

10. As demonstrated in the Declaration of Francis A. Bottini, Jr. and Exhibit A, Bottini & Bottini, Inc., counsel for Plaintiff Voss and Plaintiff D'Arrigo, has in-depth experience in litigating shareholder derivative actions. The attorneys at Bottini & Bottini, Inc. have served as lead counsel in numerous shareholder derivative actions in state and federal courts in California and beyond. *See* Bottini Decl. ¶ 4; Ex. A. Moreover, Bottini & Bottini, Inc. is committed to devoting all necessary resources to vigorously prosecuting these derivative actions. Bottini Decl. ¶ 5.

11. It is anticipated that Defendants will take no position with respect to appointment of Lead Counsel.

12. Accordingly, the Court should appoint Bottini & Bottini, Inc. as Lead Counsel for Plaintiffs.

///
///
///
///
///
///
///

**V.     The Court Should Issue an Order Granting the Following Relief**

13.     Based on the foregoing, plaintiffs respectfully request that the Court grant this motion and enter the accompanying proposed order as follows:

(a)     The *Voss* and *D'Arrigo* actions shall be consolidated under Federal Rule of Civil Procedure 42(a) for all purposes, including trial, under Lead Case No. 14-cv-1581 LHK (HRL), and shall bear the following caption:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| IN RE MARVELL TECHNOLOGY GROUP, LTD. SHAREHOLDER LITIGATION | ) No. 14-cv-1581 LHK (HRL) ) ) ) ) |
| This document relates to:<br><br>ALL ACTIONS. | ) ) ) ) ) ) |

(b)     The complaint in *D'Arrigo* shall be designated as the operative complaint in the consolidated action.

(c)     Bottini & Bottini, Inc. shall serve as Lead Counsel for plaintiffs in the consolidated action.

(d)     Plaintiffs' Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

(e)     Plaintiffs' Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs.   No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel.

    (f) Plaintiffs' Lead Counsel shall be available and responsible for communication to and from this Court, including distributing orders and other directions from the Court to counsel.   Plaintiffs' Lead Counsel shall also be responsible for creating and maintaining a master service list of all parties and their respective counsel.

    (g) Defendants' counsel may rely upon all agreements made with plaintiffs' Lead Counsel, or other duly authorized representative of plaintiffs' Lead Counsel, and such agreements shall be binding on all plaintiffs.

    (h) Defendants shall respond to the operative complaint in the consolidated action on or before August 6, 2014, or ten days following the entry of the order deciding this motion, whichever date is later.

    (i) The order for consolidation and appointment of Lead Counsel shall apply to each case arising out of the same, or substantially the same, transactions or events as these cases, which is subsequently filed in, remanded to, reassigned to, or transferred to this Court.   When a case, which properly belongs as part of *In re Marvell Technology Group, Ltd. Shareholder Litigation*, Lead Case No. 14-cv-1581 LHK (HRL), is hereafter filed in this District, reassigned to the Court, or transferred here from another court, the Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, reassignment, or transfer of such a case.   Counsel are to assist in assuring that counsel in subsequent actions receive notice of the order for consolidation and for appointment of Lead Counsel.

///
///
///
///
///

| | | |
|---|---|---|
| 1 | Dated: June 26, 2014 | Respectfully submitted, |
| 2 | | BOTTINI & BOTTINI, INC.<br>Francis A. Bottini, Jr. (SBN 175783) |
| 3 | | Yury A. Kolesnikov (SBN 271173) |
| 4 | | *s/ Francis A. Bottini, Jr.* |
| 5 | | Francis A. Bottini, Jr. |
| 6 | | 7817 Ivanhoe Avenue, Suite 102<br>La Jolla, California 92037 |
| 7 | | Telephone:   (858) 914-2001<br>Facsimile:    (858) 914-2002 |
| 9 | | *Attorneys for Plaintiffs*<br>*Lee Voss and Sebastiano D'Arrigo* |